**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HUGHES BROTHERS
CONSTRUCTION, INC.,

      Plaintiff,

v.                               Case No:   6:22-cv-1357-WWB-LHP

DIAMOND PLASTICS
CORPORATION,

      Defendant

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S MOTION TO COMPEL DEFENDANT DIAMOND PLASTICS CORPORATION'S DISCOVERY RESPONSES (Doc. No. 13)
>
> **FILED:** October 5, 2022
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff initiated this case in state court on June 30, 2022.  Doc. No. 1-1.  On July 1, 2022, Plaintiff served requests for production on Defendant in state court. *See* Doc. No. 13-1.  On August 1, 2022, Defendant filed in state court a "Notice of

Acceptance of Service and Waiver of Process for Defendant." Doc. No. 1-3, at 40. In that document, Defendant accepted service of the summons and complaint, as well as the requests for production, and agreed to serve a response to the requests for production on or before September 5, 2022. *Id.* On August 1, 2022, the same day that Defendant accepted service and agreed to respond to discovery, Defendant removed the case to this Court. *See* Doc. No. 1-1.

According to Plaintiff, Defendant's September 5, 2022 deadline for the discovery responses elapsed without a response from Defendant. Doc. No. 13. So, Plaintiff has filed a motion to compel, asking this Court to compel Defendant's response to the requests for production and to order Defendant to pay Plaintiff's reasonable attorney's fees incurred in filing the motion. *Id.* at 3.

Defendant filed a response in opposition, arguing, in entirety, that the July 1, 2022 requests for production, served in state court, became null and ineffective upon removal of the case to this Court. Doc. No. 20. On this basis alone, Defendant asks the Court to deny the motion to compel. *Id.* at 3.

Plaintiff thereafter filed an authorized reply arguing that Defendant never raised the "null and effective" argument until its response to the motion to compel. Doc. No. 24, at 2. Plaintiff further argues that the parties conducted a good faith conferral on September 12, 2022 regarding Defendant's overdue responses to the requests for production, which occurred *after* the parties case management

- 2 -

conference on September 1, 2022, and during the conferral Defendant did not raise the "null and effective" argument and instead asked for an extension of its deadline to respond to the discovery.  *Id.*

Upon review of Plaintiff's reply, the Court ordered a sur-reply from Defendant to address two of Plaintiff's arguments: (1) that on September 12, 2022, Defendant agreed to respond to the discovery at issue; and (2) that Defendant raised the "null and effective" argument for the first time in response to the motion to compel.  Doc. No. 25.

In sur-reply, Defendant now "admits that on or about September 12, 2022, it agreed to respond to the discovery at issue that was served prior to removal, and [it] will absolutely honor that commitment."  Doc. No. 27, at 1–2.  Defendant further admits that it did not raise the "null and ineffective" argument until responding to the motion to compel, but attempts to excuse this omission by stating that Defendant "(1) always had the intention of responding to the discovery (and still does), and (2) was not aware of the nullity rule, until [Defendant] was forced to conduct legal research to respond to the motion to compel."  *Id.* at 2.  Defendant concludes its sur-reply by stating that it "needs time to respond to the discovery at issue."  *Id.*

Upon consideration, given that Defendant now acknowledges that on September 12, 2022 it agreed to respond to the requests for production, Defendant's

"null and effective" argument is rejected, particularly given that Defendant's agreement to respond to the discovery post-dated the parties' case management conference. *See* Fed. R. Civ. P. 26(d)(1). *See also Riquelme v. United States*, No. 8:07-cv-2180-T-30MAP, 2009 WL 1405179, at *2 (M.D. Fla. May 19, 2009) (finding responses to discovery served in state court due within thirty days of the parties' case management conference under Rule 26(d)(1)). Accordingly, the Court finds Plaintiff's motion to compel Defendant to respond to the requests for production well taken.

The Court also finds that Plaintiff is entitled to its fees incurred in filing the motion. Federal Rule of Civil Procedure 37 provides that when, as here, a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). While the rule permits the Court to decline to award sanctions under certain circumstances, Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii), Defendant has failed to demonstrate that any of those circumstances are present here. This is particularly true because in response to the motion to compel, Defendant did not acknowledge its prior agreement to respond to the discovery—both in the state court *and after the case was removed to this Court*—until Plaintiff raised the issue in its

- 4 -

reply, and the Court ordered a sur-reply from Defendant.  *See* Doc. Nos. 20, 24–25, 27.

Accordingly, Plaintiff's motion to compel (Doc. No. 13) is **GRANTED**, and it is **ORDERED** as follows:

1. On or before **November 21, 2022**, Defendant shall produce all outstanding documents in its current possession, custody, or control responsive to Plaintiff's requests for production.  *See* Doc. No. 13-1.

2. All objections to the requests for production have been waived by failing to timely respond to the discovery.  *See, e.g.*, *Limu Co., LLC v. Burling*, No. 6:12-cv-347-ORL-TBS, 2013 WL 1482760, at *1 (M.D. Fla. Apr. 11, 2013) (objections waived by failure to respond to request to produce).

3.  On or before **November 21, 2022**, counsel for Plaintiff and counsel for Defendant shall meet and confer in good faith to determine an amount of reasonable fees and expenses that should be awarded to Plaintiff for the filing of the present motion, including Plaintiff's reply, pursuant to Fed. R. Civ. P. 37(a)(5).  The parties shall file a joint notice of the amount agreed upon by **5:00 p.m.** on **November 21, 2022**.  If the parties are unable to reach an agreement by that time, counsel for Plaintiff shall file a motion, supported by appropriate documentation, for reasonable fees and expenses incurred in

filing the motion to compel. That motion shall be filed by **November 28, 2022**.

4. **Failure to comply with this Order may result in sanctions.** *See* Fed. R. Civ. P. 37(b)(2).

**DONE** and **ORDERED** in Orlando, Florida on November 7, 2022.

                                              LESLIE HOFFMAN PRICE
                                              UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties